IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN ROBINSON, et al., | CASE NO. CV F-05-1258 REC LJO |
| Plaintiffs, | **ORDER TO DISMISS COMPLAINT WITH LEAVE TO AMEND** |
| vs. | |
| JOHN W. SNOW, Secretary of Treasury, et al., | |
| Defendants. / | |

**BACKGROUND**

On October 17, 2005, several pro se plaintiffs filed a document which this Court construes as a complaint ("complaint"). The complaint's caption lists six individuals as plaintiffs, and seven individuals signed the complaint, one of whom paid the $250 filing fee. The complaint's caption lists as defendants John W. Snow and Paul O'Neil, Secretaries of Treasury. The complaint is 123 pages, rambling and incoherent. The complaint may attempt to plead a class action regarding discrimination at an "agency" which this Court presumes is the Fresno Internal Revenue Service facility. The complaint seeks no relief.

**DISCUSSION**

**Standards For Screening**

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service,*

1 | *Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua
2 | sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S.
3 | 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*,
4 | 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte
5 | prior to service of process on defendants).

6 | Since plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may
7 | have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious,
8 | fails to state a claim on which relief may be granted, or seeks monetary relief against an immune
9 | defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide:
10 | Federal Civil Procedure Before Trial (2005) Attacking the Pleadings, para. 9:226.1, pp. 9-65. A court
11 | need not accept as true factual allegations in in forma pauperis complaints and may reject "completely
12 | baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v.*
13 | *Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

14 | A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v.*
15 | *Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A
16 | frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Neitzke*, 490
17 | U.S. at 324. A federal court may dismiss a claim as frivolous where it is based on an indisputably
18 | meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

19 | The test for maliciousness is a subjective one and requires the court to "determine the . . . good
20 | faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v.*
21 | *Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in
22 | repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity
23 | of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process
24 | by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981);
25 | *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629
26 | (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to
27 | dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice
28 | also can be inferred from a complaint containing untrue material allegations of fact or false statements

1  made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

2  A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

The face of the complaint reflects jurisdictional and pleading deficiencies to prevent plaintiff from offering evidence to support claims raised in the complaint.

### Jurisdictional Deficiencies

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
>
> . . .
>
> (e)  Pleading to be Concise and Direct; Consistency.
>
> (1)  Each averment of a pleading shall be simple, concise and direct.

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998). Despite the flexible pleading

policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

Here, the complaint fails to allege a basis for this Court's jurisdiction. The complaint appears to raise discrimination issues but reveals no grounds to invoke this Court's jurisdiction. The complaint fails to note whether plaintiffs exhausted administrative remedies to entitle this Court to proceed. In the absence of grounds for this Court's jurisdiction, this Court is unable to proceed.

### Deficiencies As To Claims

F.R.Civ.P. 8(a) requires a short plain statement of plaintiff's claim. The complaint does not adequately identify grounds for relief against a particular defendant to satisfy F.R.Civ.P. 8(a)(2). The complaint fails to provide any defendant fair notice and to state elements of a claim plainly and succinctly. The complaint fails to articulate particular relief sought by plaintiffs. The pleading deficiencies prevent this Court from proceeding on plaintiffs' complaint. Nonetheless, this Court grants plaintiffs an opportunity to attempt to cure the complaint's deficiencies.

### Deficiencies As To Class Action Requirements

F.R.Civ.P. 23(a) addresses class action prerequisites and states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to satisfying F.R.Civ.P. 23(a)'s requirements, a complaint needs facts to show grounds for class action certification, such as: (1) risk of prejudice from separate actions; (2) injunctive relief sought for the class; or (3) "predominant" common questions and "superior" remedy. *See* F.R.Civ.P. 23(b).

The complaint fails to satisfy class action pleading requirements, assuming that it attempts to plead class action claims.

///

1 **Attempt At Amendment**

2 Plaintiffs are admonished that this Court's Local Rule 15-220 requires an amended complaint to be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). After the filing of an amended complaint, the original pleadings serves no further function. Thus, in an amended complaint, each claim and involvement of each defendant must be sufficiently alleged.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES plaintiffs' complaint, filed October 17, 2005, with leave to amend; and
2. ORDERS plaintiffs, no later than November 10, 2005, to file an amended complaint in compliance with this order.

**Plaintiffs are admonished that failure to file an amended complaint in compliance with this order will result in recommendation to dismiss this action for failure to obey a court order.**

IT IS SO ORDERED.

**Dated:    October 27, 2005**              /s/ Lawrence J. O'Neill
66h44d                                              UNITED STATES MAGISTRATE JUDGE